**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| SONESTA RL HOTELS FRANCHISING INC., Plaintiff, v. LOF GRAND RAPIDS, LLC and NORMAN H. LESLIE, Defendant. | ) | Civil Action No. 1:26-cv-14199-MJJ |

**MEMORANDUM OF DECISION**

November 23, 2026

JOUN, D.J.

Defendants LOF Grand Rapids, LLC ("LOF") and Norman H. Leslie ("Leslie") move to compel arbitration and dismiss this action. [Doc. No. 8]. Plaintiff Sonesta RL Hotels Franchising Inc. ("Sonesta") does not oppose arbitration but objects to dismissal, requesting instead that the Court stay the proceedings pending arbitration. [Doc. No. 12]. For the reasons below, Defendants' motion to compel arbitration is GRANTED, their request for dismissal is DENIED, and Plaintiff's motion to stay the proceedings is GRANTED.

## I. BACKGROUND

On December 28, 2023, Sonesta and LOF entered into a franchise agreement concerning the operation of a hotel in Grand Rapids, Michigan (the "Franchise Agreement"). [Doc. No. 1]. The Franchise Agreement contains an arbitration provision requiring the parties to submit to binding arbitration disputes arising out of or relating to the Franchise Agreement, other agreements between the parties, or their contractual relationship. *See* [Doc. No. 9 at 5–6].

The arbitration provision also extends to certain disputes involving the parties' owners and guarantors. [*Id.* at 6]. In connection with the Franchise Agreement, LOF executed a Development Incentive Promissory Note, and Leslie executed a guaranty incorporating the Franchise Agreement's arbitration provision. [*Id.* at 7].

On September 11, 2026, Sonesta filed this action asserting three claims: (1) breach of the Franchise Agreement against LOF; (2) breach of the Development Incentive Promissory Note against LOF; and (3) breach of the guaranty against Leslie. [Doc. No. 1]. On November 6, 2026, Defendants moved to compel arbitration and dismiss the action or, alternatively, stay the proceedings pending arbitration. [Doc. Nos. 8, 9]. Defendants contend that all three claims fall within the scope of the arbitration provision. Sonesta agrees. In its November 19, 2026 memorandum supporting its motion to stay, Sonesta expressly acknowledges that all three claims are referable to arbitration. [Doc. Nos. 12, 13]. Sonesta nevertheless maintains that dismissal is improper because § 3 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 3, requires the Court to stay the action upon a party's request.

## II. DISCUSSION

### A. <u>Arbitration</u>

The FAA generally requires courts to enforce valid arbitration agreements according to their terms. *See* 9 U.S.C. § 2; *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983). In determining whether to compel arbitration, courts ordinarily consider whether a valid agreement to arbitrate exists and whether the dispute falls within the scope of that agreement. *Dialysis Access Ctr., LLC v. RMS Lifeline, Inc.*, 638 F.3d 367, 375 (1st Cir. 2011). Here, neither party disputes the validity of the arbitration provision or its application to Sonesta's claims. Section 17.F of the Franchise Agreement requires binding arbitration of disputes arising out of or relating to the parties' agreements or relationship. [Doc. No. 1 at 41, 71]. The guaranty expressly

incorporates that provision. Moreover, Sonesta concedes that all three counts of its Complaint are subject to arbitration. Accordingly, the Court finds that the claims asserted in this action are referable to arbitration under the parties' agreements. Defendants' motion to compel arbitration is therefore granted.

**B. <u>Stay or Dismissal</u>**

The remaining question is whether the Court should dismiss the action or stay the proceedings pending arbitration. Section 3 of the FAA provides that when an action involves an issue referable to arbitration under a written agreement, the district court, upon application of a party, "shall" stay the proceedings until arbitration has occurred in accordance with the agreement, provided the party seeking the stay is not in default in proceeding with arbitration. 9 U.S.C. § 3.

Defendants rely on First Circuit authority recognizing that a district court may dismiss an action when all claims are subject to arbitration. In *Dialysis Access Center*, the First Circuit explained that a district court could, in its discretion, dismiss a lawsuit if all asserted claims were arbitrable. 638 F.3d at 372–73. *See also Next Step Med. Co. v. Johnson & Johnson Int'l*, 619 F.3d 67, 71 (1st Cir. 2010). That case, however, predates the Supreme Court's decision in *Smith v. Spizzirri*, 601 U.S. 472 (2024).

In *Smith*, the Supreme Court considered whether § 3 permits a district court to dismiss an action, rather than stay it, when all claims are subject to arbitration and a party requests a stay. The Court unanimously held that it does not. *Id.* at 478. The Court explained that § 3's mandatory language requires a stay upon a party's application and leaves no discretion to dismiss merely because all claims are arbitrable. *Id*. at 475–77. The Supreme Court further explained that a stay is consistent with the FAA's statutory structure. Unlike dismissal, a stay preserves the court's ability to assist in the arbitration process and permits the parties to return to the existing action if judicial intervention becomes necessary. *Id*. at 477–78. A stay also avoids creating an immediate

appeal from a final dismissal order where Congress generally sought to restrict interlocutory appeals from orders compelling arbitration. *Id.* at 478.

Thus, to the extent *Dialysis Access Center* and *Next Step Medical* permitted a district court to dismiss an action notwithstanding a party's proper request for a stay under § 3, those decisions have been abrogated by *Smith*. Under *Smith*, the disposition here is straightforward. Both parties agree that all three claims are arbitrable. Sonesta has expressly requested a stay of the proceedings pending arbitration. Defendants, moreover, have themselves requested a stay as an alternative to dismissal. Accordingly, § 3 requires the Court to stay this action pending arbitration. The fact that all claims are subject to arbitration does not authorize dismissal over Sonesta's request for a stay. *Smith*, 601 U.S. at 475–79. The Court therefore denies Defendants' request to dismiss the action and grants Sonesta's motion to stay.

## III. CONCLUSION

For the foregoing reasons, Defendants' motion to compel arbitration and dismiss proceedings, [Doc. No. 8], is GRANTED in part and DENIED in part. The motion is granted insofar as it seeks to compel arbitration of all claims asserted in the Complaint and denied insofar as it seeks dismissal of the action. Plaintiff's motion to stay proceedings pending arbitration, [Doc. No. 12], is GRANTED.

The parties are ORDERED to proceed to arbitration in accordance with their arbitration agreement. This action is STAYED pursuant to 9 U.S.C. § 3 pending completion of arbitration. The parties shall file a joint status report within fourteen (14) days after the arbitration has concluded, or promptly notify the Court if circumstances arise requiring further judicial action.

SO ORDERED.

/s/ Myong J. Joun
United States District Judge